IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **EDGAR HINOJOSA** § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL ACTION NO._____** |
| § | **JURY DEMANDED** |
| **COMPANION PROPERTY &** § | |
| **CASUALTY INSURANCE COMPANY** § | |
| **AND ROLANDO RENTERIA** § | |
| **Defendants** § | |

### COMPANION PROPERTY & CASUALTY INSURANCE COMPANY'S
### NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Companion Property & Casualty Insurance Company in Cause No. C-5969-15-D pending in the 206th Judicial District Court, Hidalgo County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and amount in controversy, and respectfully shows:

### I.
### FACTUAL BACKGROUND

1.1  On or about December 3, 2015, Plaintiff filed Plaintiff's Original Petition in the matter styled *Edgar Hinojosa v. Companion Property & Casualty Insurance Company and Rolando Renteria,* Cause No. C-5969-15-D pending in the 206th Judicial District Court, Hidalgo County, Texas, in which Plaintiff made a claim against Companion Property & Casualty Insurance Company for damages to his home under a homeowner's insurance policy.  Plaintiff's petition, however, failed to articulate any specific facts to

1

support a cause of action against Mr. Renteria. As such, the only proper defendant, Companion Property & Casualty Insurance Company, is a foreign entity with its principal place of business in South Carolina. Accordingly, this action should be removed on the basis of improper joinder and complete diversity.

1.2     Plaintiff served Defendant Companion Property & Casualty Insurance Company with his Original Petition and process on or about December 11, 2015.

1.3.    Simultaneously with filing of this Notice of Removal, attached hereto as Exhibit "A" is the Index of Matters Being Filed.  A copy of the Hidalgo County District Clerk's file for this case is attached as Exhibit "B", which includes true and correct copies of all executed process, pleadings and orders.  Attached hereto as Exhibit "C" is the Designation of Counsel.

## II.
## BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

2.2     Plaintiff is, and was at the time the lawsuit was filed, a resident of the State of Texas.  *See* Plaintiff's Original Petition, p. 1, ¶ I.

2.3     Defendant Companion Property & Casualty Insurance Company is incorporated, and has its principal place of business, in South Carolina.  Accordingly, Defendant Companion Property & Casualty Insurance Company is a citizen of South Carolina.

2.4     Defendant Rolando Renteria, although not a proper party to this lawsuit, is a citizen of the State of Texas.

### A. Defendant Rolando Renteria Has Been Improperly and/or Fraudulently Joined in this Lawsuit.

2.5    With respect to the claims against Defendant Rolando Renteria, it is Companion's position that Mr. Renteria has been fraudulently and/or improperly joined in this action.

2.6    Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which, stated differently, means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)). The Court may conduct the test using a Rule 12(b)(6) analysis of the complaint to determine whether the plaintiff states a claim, or using a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *Smallwood*, 385 F.3d at 573; *See Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. H-09-1728, 2009 WL 3602043, at *1 (S.D. Tex. Oct. 27, 2009).

2.7    Further, Plaintiff failed to offer any specific facts in support of his claims against Mr. Renteria and therefore failed to make the required "factual fit between [his] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). Indeed, Plaintiff's claims are nothing more than bare-bone form allegations devoid of any substantive facts. *See* Plaintiff's Original Petition, pp. 2-5, ¶¶ V-VI.

2.8    Plaintiff's failure to mention any actionable facts related to the conduct of Mr. Renteria constitutes a failure to state a claim and results in fraudulent joinder of that party. *See, e.g.*, *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, No. 4:08CV475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding that a petition listing statutory provisions of the Insurance Code that were violated by defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex v. GuideOne Mut. Ins. Co.*, NO 1:08-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the Plaintiff's Petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims"); *Griggs*, 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in plaintiff's petition to support claim against agent).

2.9    Repeating statutory language is not the same as pleading actionable facts to which a statute should apply. To the contrary, Plaintiff's failure to mention any actionable facts related to the conduct of Mr. Renteria constitutes a failure to state a claim and results in fraudulent joinder of that party. *See, e.g.*, *Lakewood Chiropractic Clinic,* 2009 WL 3602043, at *3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-CV-165-A, 2009 WL 1437837, at

4

\*3-4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Broadway v. Brewer*, No. 4:08CV475, 2009 WL 1445449, at \*2 (E.D. Tex. May 21, 2009) (holding that a petition listing statutory provisions of the Insurance Code that were violated by Defendants "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex v. GuideOne Mut. Ins. Co.*, No. 1:08-CV-988, 2008 WL 4533729, at \*6 (E.D. Tex. Sept. 29, 2008) (holding that the Plaintiff's Petition "failed to state specific factual averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted claims"); *Griggs*, 181 F.3d at 701-02 (upholding denial of motion to remand where there were no factual allegations in plaintiff's petition to support claim against agent).

2.10    "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Elchehabi v. Chase Home Fin., LLC*, No. CIV.A. H-12-1486, 2012 WL 3527178, at \*2 (S.D. Tex. 2012) (quoting *Twombly*, 550 U.S. at 545).  And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*; *Guerrero Investments, LLC v. Am. States Ins. Co.*, No. 7:12-CV-430, 2013 WL 5230718, at \*1 (S.D. Tex. 2013) (finding improper joinder where "the sections setting forth Plaintiff's causes of action against Mason amount to no more than conclusory recitations of the elements of Plaintiff's DTPA, Insurance Code, and conspiracy claims.  In other words, Plaintiff's allegations lack the required factual fit.

*Xiang Fang v. Companion Commercial Ins. Co.*, 2013 WL 5214433 (S.D. Tex. 2013) (same); *but see Garza v. Scottsdale Ins. Co.*, 2015 WL 3756917, at *1 (S.D. Tex. 2015) (employing the liberal state-court pleading standard of fair notice rather than the federal standard); *De Leon v. Travelers Lloyds of Texas Ins. Co.*, No., 2013 WL 5744456, at *2 (S.D. Tex. 2013) (same).

2.11    Here, Plaintiff's claims against Mr. Renteria are bad faith under Chapter 541 of the Texas Insurance Code and alleged violations of the DTPA. *See* Plaintiff's Original Petition, pp. 4-5, ¶ VI.  Yet, Plaintiff fails to set forth any factual details concerning his allegations against Defendant Renteria under either theory.  For example, Plaintiff claims that Defendant Renteria violated Chapter 541 of the Texas Insurance Code by making misrepresentations concerning the policy, but fails to describe any specific misrepresentations made by Defendant Renteria. *See* Plaintiff's Original Petition, p. 4, ¶ VI.  With respect to his DTPA claim against Mr. Renteria, he states, "Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law[.]" Plaintiff's Original Petition, p. 5, ¶ VI.  Again, there is no discussion whatsoever as to what specific representation Plaintiff claims Mr. Renteria made.  It is clear that Mr. Renteria has been improperly joined for the purpose of defeating diversity.

2.12    Because Companion Property & Casualty Insurance Company, a foreign defendant, is the only proper defendant in this action, there is complete diversity.  As such, removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

### C. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.

2.13   The amount in controversy is determined at the time of filing the notice of removal, based on the then-existing state court petition, exclusive of interest and costs.  28 U.S.C. §1332; *see also White v. FCI USA*, 319 F. 3d 672, 674 (5th Cir. 2003).

2.14   According to Plaintiff's Original Petition, he claims damages "over $100,000 but not more than $200,000[.]"  Plaintiff's Original Petition, p. 2, ¶ III.  Thus, Plaintiff is seeking damages in excess of the jurisdictional minimum of $75,000.  *See Hunting v. BASF Corp.,* No. 4:08-CV-03651, 2009 WL 7799499 at *2 (S.D. Tex. Mar. 30, 2009).

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1   Defendant Companion Property & Casualty Insurance Company was first served with Plaintiff's Original Petition and process on December 11, 2015.  Companion Property & Casualty Insurance Company files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2   To the best of Defendant Companion Property & Casualty Insurance Company's knowledge, Defendant Renteria has not been served.  Consent is not required because Defendant Renteria has been fraudulently joined solely to defeat diversity jurisdiction.  *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

3.3   Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.4    Pursuant to 28 U.S.C. § 1446(d), promptly after Defendant Companion Property & Casualty Insurance Company files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hidalgo County District Court, promptly after Defendant Companion Property & Casualty Insurance Company files this Notice.

## IV.
## CONCLUSION

4.1    Based upon the foregoing, the exhibits submitted in support of this Removal, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein, Defendant Companion Property & Casualty Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

By:    /s/ Thomas F. Nye

Thomas F. Nye
Attorney-in-charge
State Bar No. 15154025
Southern Dist. No. 7952
P.O. Box 6666
Corpus Christi, Texas 78466
Telephone: (361) 654-7008
Fax: (361) 654-7001
tnye@gnqlawyers.com

**ATTORNEY FOR DEFENDANTS COMPANION PROPERTY & CASUALTY INSURANCE COMPANY**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
Telephone (956) 544-7110
Fax: (956) 544-0607

William Gault
State Bar No. 07765050
Southern Dist. No.14685
bgault@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 4200
Edinburg, Texas 78540
Telephone: (956) 618-0628
Fax: (956) 618-0670

I. Cecilia Garza
State Bar No. 24041627
Southern Dist. No. 578825
cgarza@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
Telephone: (361) 654-7008
Fax: (361)654-7001

Mikell A. West
State Bar No. 24070832
Southern Dist. No. 1563058
mwest@gnqlawyers.com

**CERTIFICATE OF SERVICE**

I certify that on January 8, 2016, a copy of Defendant Companion Property & Casualty Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorneys for Plaintiff Edgar Hinojosa:

*Attorneys for Plaintiff*

James Willis
Daly & Black, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098

Richard D. Daly
Daly & Black, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098
**VIA CM/RRR # 7012 2920 0001 5084 7947**


Fernando G. Mancias
Law Office of Fernando G. Mancias PLLC
4428 S. McColl Road
Edinburg, Texas 78539
**VIA CM/RRR # 7012 2920 0001 5084 7954**

                                                  /s/ Thomas F. Nye