Electronically Filed
12/3/2015 1:07:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-5969-15-D

| | | |
|---|---|---|
| EDGAR HINOJOSA | § | IN THE DISTRICT COURT OF |
| Plaintiff | § § § | |
| vs. | § § | HIDALGO COUNTY, TEXAS |
| COMPANION PROPERTY & CASUALTY INSURANCE COMPANY AND ROLANDO RENTERIA | § § § § | _____ JUDICIAL DISTRICT |
| Defendants | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Edgar Hinojosa ("Mr. Hinojosa"), Plaintiff herein, files this Original Petition against Defendants Companion Property & Casualty Insurance Company ("Companion") and Rolando Renteria and, in support of his causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1. Edgar Hinojosa is a Texas resident who resides in Hidalgo County, Texas.

2. Companion is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, CT Corporation System, via certified mail at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

3. Rolando Renteria is a Texas resident who participated in adjusting Mr. Hinojosa's insurance claim, and he may be served via certified mail at 1306 Taylor Street, Weslaco, TX 78596.

### II.
### DISCOVERY

4. This case is intended to be governed by Discovery Level 2.

EXHIBIT B

DATE 12/29/15
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy#14

Electronically Filed
12/3/2015 1:07:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5969-15-D

## III.
## CLAIM FOR RELIEF

5. The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than $1,000,000.

## IV.
## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7. Venue is proper in Hidalgo County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Hidalgo County. In particular, the loss at issue occurred in Hidalgo County.

## V.
## FACTUAL BACKGROUND

8. Mr. Hinojosa is a named insured under a property insurance policy issued by Companion.

Electronically Filed
12/3/2015 1:07:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5969-15-D

9. On or about May 29, 2015 a storm hit the Pharr, Texas area, damaging Mr. Hinojosa's house and other property. Mr. Hinojosa subsequently filed a claim on his insurance policy.

10. Defendants improperly denied and/or underpaid the claim.

11. Renteria was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12. Renteria's unreasonable investigation led to the underpayment of Plaintiff's claim.

13. Moreover, Companion and Renteria performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

14. Each of the foregoing paragraphs is incorporated by reference in the following:

**A. Breach of Contract (Companion Only)**

15. Companion had a contract of insurance with Plaintiff. Companion breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B. Prompt Payment of Claims Statute (Companion Only)**

16. The failure of Companion to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

Case 7:16-cv-00008 Document 1-2 Filed in TXSD on 01/08/16 Page 4 of 19

Electronically Filed
12/3/2015 1:07:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5969-15-D

17. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

C. **Bad Faith/DTPA (Companion and Renteria)**

18. Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

19. Defendants violated § 541.051 of the Texas Insurance Code by:

   (1) making statements misrepresenting the terms and/or benefits of the policy.

20. Defendants violated § 541.060 by:

   (1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

   (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

   (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

   (4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

   (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

21. Defendants violated § 541.061 by:

   (1) making an untrue statement of material fact;

   (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

Case 7:16-cv-00008 Document 1-2 Filed in TXSD on 01/08/16 Page 5 of 19

Electronically Filed
12/3/2015 1:07:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5969-15-D

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; and

(5) failing to disclose a matter required by law to be disclosed.

22. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

23. Defendants have violated the Texas Deceptive Trade Practices Act in the following respects:

(1) Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) Companion failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) Companion, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Companion took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

24. Defendants knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

Electronically Filed
12/3/2015 1:07:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5969-15-D

D. **Attorneys' Fees**

25. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

26. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because he is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

27. Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

28. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## VII.
## DISCOVERY REQUESTS

29. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Edgar Hinojosa prays that, upon final hearing of the case, he recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Mr. Hinojosa be awarded attorneys'

6

Electronically Filed
12/3/2015 1:07:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-5969-15-D

fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Mr. Hinojosa may show himself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By: /s/ James Willis
Richard D. Daly
TBA No. 00796429
rdaly@dalyblack.com
ecfs@dalyblack.com
James Willis
TBA No. 24088654
jwillis@dalyblack.com
2211 Norfolk St., Suite 800
Houston, Texas 77098
713.655.1405—Telephone
713.655.1587—Fax

**LAW OFFICE OF FERNANDO G. MANCIAS PLLC**

Fernando G. Mancias
TBA No. 12891300
4428 S. McColl Road
Edinburg, Texas 78539
956.686.0385—Telephone
956.686.0707—Facsimile

ATTORNEYS FOR PLAINTIFF
EDGAR HINOJOSA

## 206TH DISTRICT COURT
# CASE SUMMARY
## CASE NO. C-5969-15-D

| | | |
|---|---|---|
| Edgar Hinojosa<br>VS.<br>Companion Property & Casualty Insurance Company,<br>Rolando Renteria | §<br>§<br>§<br>§ | Location: **206th District Court**<br>Judicial Officer: **Reyna, Rose G.**<br>Filed on: **12/03/2015** |

### CASE INFORMATION

Case Type: **Contract - Consumer/Commercial/Debt (OCA)**

### CASE ASSIGNMENT

**Current Case Assignment**
Case Number          C-5969-15-D
Court                206th District Court
Date Assigned        12/03/2015
Judicial Officer     Reyna, Rose G.

### PARTY INFORMATION

|   |   | Lead Attorneys |
|---|---|---|
| Plaintiff | Hinojosa, Edgar | Willis, James<br>*Retained*<br>713-655-1405(W) |
| Defendant | Companion Property & Casualty Insurance Company | |
|   | Renteria, Rolando | |

### EVENTS & ORDERS OF THE COURT

| DATE | | INDEX |
|---|---|---|
| 12/08/2015 | Service Issued<br>*CITATIONS SENT BY C/M* | |
| 12/08/2015 | **Citation By Certified Mail**<br>  Companion Property & Casualty Insurance Company<br>  Unserved<br>  Renteria, Rolando<br>  Unserved | |
| 12/03/2015 | Request<br>*Case Info Sheet* | |
| 12/03/2015 | Original Petition (OCA)<br>*Pltf Original Petition* | |

### FINANCIAL INFORMATION

**Plaintiff** Hinojosa, Edgar
Total Charges                           510.00
Total Payments and Credits              510.00
Balance Due as of 12/29/2015              0.00

DATE 12/29/15
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
_____ Deputy

PAGE 1 OF 1                                       Printed on 12/29/2015 at 10:44 AM

# CIVIL CASE INFORMATION SHEET

Electronically Filed
12/3/2015 1:07:46 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NUMBER *(FOR CLERK USE ONLY)*: __C-5969-15-D__    COURT *(FOR CLERK USE ONLY)*: _____

STYLED __EDGAR HINOJOSA VS. COMPANION PROPERTY & CASUALTY INSURANCE COMPANY, ET AL__
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| Name: | Email: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| James W. Willis | ecfs@dalyblack.com | Plaintiff(s)/Petitioner(s):<br>EDGAR HINOJOSA | ☒ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address:<br>2211 Norfolk St., Ste 800 | Telephone:<br>(713) 655-1405 | | Additional Parties in Child Support Case:<br>Custodial Parent: |
| City/State/Zip:<br>Houston, Texas 77098 | Fax:<br>(713) 655-1587 | Defendant(s)/Respondent(s):<br>COMPANION PROPERTY & CASUALTY INSURANCE COMPANY, ET AL | Non-Custodial Parent: |
| Signature:<br>/s/ James W. Willis | State Bar No:<br>24088654 | | Presumed Father: |

[Attach additional page as necessary to list all parties]

### 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

**Civil**

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| **Debt/Contract**<br>☐ Consumer/DTPA — ☒<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>  ☐ Accounting<br>  ☐ Legal<br>  ☐ Medical<br>  ☐ Other Professional Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>  ☐ Asbestos/Silica<br>  ☐ Other Product Liability<br>  List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>  ☐ With Children<br>  ☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |

| Employment | Other Civil | | | |
|---|---|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>  ☐ Dependent Administration<br>  ☐ Independent Administration<br>  ☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

### 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

### 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100,000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

DATE __12/29/15__

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy

Rev 2/13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EDGAR HINOJOSA<br>Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO._____<br>JURY DEMANDED |
| COMPANION PROPERTY &<br>CASUALTY INSURANCE COMPANY<br>AND ROLANDO RENTERIA<br>Defendants | § § § § § | |

## VERIFICATION

THE STATE

OF TEXAS

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Thomas F. Nye, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is Thomas F. Nye. I am one of the Attorneys of Record for Defendant Companion Property & Casualty Insurance Company in the above-referenced lawsuit, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. Attached hereto as 'Exhibit 1' is a true and correct copy of Defendant Companion Property & Casualty Insurance Company's Original Answer, filed with the Hidalgo County District Clerk in Cause No. C-5969-15-D on January 4, 2016. Attached hereto as 'Exhibit 2' is a true and correct copy of Defendant Companion Property & Casualty Insurance Company's Demand for Jury, filed with the Hidalgo County District

Clerk in Cause No. C-5969-15-D on January 4, 2016. These factual statements are within my personal knowledge, and are true and correct."

Further affiant sayeth not.

_____
Thomas F. Nye

SUBSCRIBED AND SWORN TO BEFORE ME by Thomas F. Nye on this the 8th day of January, 2016 to certify which witness my hand and official seal.

NORA G. RODRIGUEZ
My Commission Expires
February 03, 2019

_____
Nora G. Rodriguez
Notary Public, in and for the
State of Texas

Electronically Filed
1/4/2016 9:26:47 AM
Hidalgo County District Clerks
Reviewed By: Anthony Espinoza

CAUSE NO. C-5969-15-D

| | | |
|---|---|---|
| EDGAR HINOJOSA | § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | HIDALGO COUNTY, TEXAS |
| COMPANION PROPERTY & CASUALTY INSURANCE COMPANY AND ROLANDO RENTERIA | § § § § | 206TH JUDICIAL DISTRICT |

### DEFENDANT, COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER AND PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant in the above-styled and numbered cause, and make and files this, its Original Answer in reply to Plaintiff's Petition, and for such answer and plea in abatement would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiff's Petition and demand strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiff's claim. Without limiting the foregoing, Defendant denies that the following has occurred:

    a.    that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiff bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made; and



EXHIBIT 1

    b.    that Plaintiff has provided the required written notice under Section 541.154 of the Texas Insurance Code at least 60 days prior to filing suit.

3.

## PLEA IN ABATEMENT

A.    Plaintiff has asserted claims against Defendant pursuant to Chapter 17.50 of the Texas Business & Commerce Code (also referred to as the "DTPA") in Plaintiff's Original Petition. As a prerequisite to filing a suit seeking damages pursuant to the DTPA, a claimant shall give written notice at least sixty (60) days prior to filing suit. A Defendant against whom a suit is pending who does not receive adequate written notice may file a plea in abatement. TEX. BUS. & COM. CODE §17.505(Vernon 1987).

B.    Defendant has not received adequate written notice in compliance with the requirements of the DTPA.

C.    Accordingly, Defendant requests that this Court abate this case as provided by Section 17.505(d) of the Texas Business & Commerce Code.

4.

## PLEA IN ABATEMENT

A.    In Plaintiff's Original Petition, Plaintiff has also alleged causes of action pursuant to Chapter 541 of the Texas Insurance Code. Chapter 541.154 provides, in pertinent part, "[a] person seeking damages in an action against another person under this subchapter must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE §541.154 (Vernon Supp 2005). Additionally, Chapter 541.155 of the Texas Insurance Code provides that the Court shall abate the action if the Court finds that the claimant failed to provide the requisite notice. TEX. INS. CODE §541.155 (Vernon Supp 2005).

B. Defendant has not received adequate written notice in compliance with the requirements of the Texas Insurance Code.

C. Accordingly, Defendant is also entitled to an abatement of these proceedings pursuant to Chapter 541 of the Texas Insurance Code.

5.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiff includes a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own disinterested appraiser. In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Compliance with the appraisal process is a condition precedent to any suit against Defendant insurance company. Defendant insurance company was deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

6.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the

trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

7.

Requests for Disclosure

At the time required by law or the Rules, this Defendant requests the Plaintiff to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiff not recover against Defendant and that Defendant goes hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY

Electronically Filed
1/4/2016 9:26:47 AM
Hidalgo County District Clerks
Reviewed By: Anthony Espinoza

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 4th day of January, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiff*
Richard D. Daly
James Willis
Daly & Black, P.C.
Email: rdaly@dalyblack.com
       jwillis@dalyblack.com

Fernando G. Mancias
Law Office of Fernando G. Mancias PLLC
Email: mancias@fernandomanciaslaw.com

**VIA E-FILING**

_____
Thomas F. Nye

Electronically Filed
1/4/2016 9:26:47 AM
Hidalgo County District Clerks
Reviewed By: Anthony Espinoza

## VERIFICATION OF CLIFF NKEYASEN

| | |
|---|---|
| THE STATE | § § § |
| OF TEXAS | |

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared Cliff Nkeyasen, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

"My name is Cliff Nkeyasen. I am an Authorized Agent for Companion Property and Casualty Insurance Company, am over the age of 18 years, am competent and authorized to testify herein and have personal knowledge of the facts herein. I have read Paragraphs 3B and 4B of Defendant's Original Answer and they are true and correct."

Further affiant sayeth not.

_____
Cliff Nkeyasen, Authorized Agent for Companion Property and Casualty Insurance Company

SWORN TO AND SUBSCRIBED TO BEFORE ME, on this the ____ day of ~~January~~ December, ~~2016~~ 2015, to witness my hand and official seal of office.

_____
Notary Public in and for the State of Texas

Electronically Filed
1/4/2016 9:26:47 AM
Hidalgo County District Clerks
Reviewed By: Anthony Espinoza

CAUSE NO. C-5969-15-D

| | | |
|---|---|---|
| EDGAR HINOJOSA | § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | HIDALGO COUNTY, TEXAS |
| COMPANION PROPERTY & CASUALTY INSURANCE COMPANY AND ROLANDO RENTERIA | § § § | 206TH JUDICIAL DISTRICT |

## DEFENDANT'S DEMAND FOR JURY

COMES NOW, COMPANION PROPERTY & CASUALTY INSURANCE COMPANY, Defendant in the above-referenced cause, and demands a trial by jury and hereby deposits its Forty Dollars ($40) jury fee.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
Thomas F. Nye
State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT COMPANION PROPERTY & CASUALTY INSURANCE COMPANY



EXHIBIT 2

Electronically Filed
1/4/2016 9:26:47 AM
Hidalgo County District Clerks
Reviewed By: Anthony Espinoza

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 4TH day of January, 2016, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiff*
Richard D. Daly
James Willis
Daly & Black, P.C.
Email: rdaly@dalyblack.com
        jwillis@dalyblack.com

Fernando G. Mancias
Law Office of Fernando G. Mancias PLLC
Email: mancias@fernandomanciaslaw.com

**VIA E-FILING**

_____
Thomas F. Nye